COVERSON *v.* STATE OF OHIO.

(Decided November 28, 1927.)

*Mr. Thomas J. Howard* and *Mr. James G. Stewart,* for plaintiff in error.

*Mr. Charles P. Taft, 2d,* prosecuting attorney, *Mr. Carl E. Basler* and *Mr. John Clippinger,* for defendant in error.

HAMILTON, P. J.   Plaintiff in error was tried and convicted upon two counts in an indictment, the first count charging murder with deliberate and premeditated malice, and the second charging him with having murdered a police officer while the latter was in the discharge of his duty.   Judgment was entered upon the verdict, and error is prosecuted to this court.

The first specification of error is that the verdict and judgment are against the weight of the evidence.

The evidence is ample to support the verdict of the jury, and the judgment will not be disturbed upon that ground.

The second specification of error goes to the second count in the indictment which charged the killing of a police officer while in the discharge of his duty.

It was contended by the defendant below, John Coverson, that he did not know that the deceased was a police officer, and that the court permitted evidence as to such knowledge on his part, which, plaintiff in error contends, was a conclusion on the part of the witness, and prejudicial.   The matter testified to by the witness, and objected to, was that the deceased police officer in going toward Coverson stated, "I am the law."   The police officer was not in uniform.   The witness was then asked what was understood in the colored community, in which the killing took place, to be the meaning of that expression, "I am the law," and the answer was that it meant to the colored people that he was an officer of the law.   It was incumbent upon the state to prove, in order to convict under the charge of killing

a police officer, that the defendant knew that the one killed was such officer. The interpretation of the phrase by the witness was not a conclusion, but was evidence as to an accepted meaning of the phrase among the colored people in that community. The defense might have introduced evidence to show that that was not the fact.

The phrase involves a question of the weight of the evidence, rather than admissibility. Moreover, there was ample evidence from which the jury could deduce the fact that Coverson knew Wilson. The place where the killing occurred was on Wilson's beat as such police officer. Coverson was a frequenter of and resided for ten months in this community after Wilson became such police officer, and, further, had known him for some years past.

Further, the plaintiff in error was convicted upon both counts. The first count charged willful, deliberate, and premeditated malice, and the jury was justified, under the evidence, in so finding. So that if there was technical error in the admission of the evidence complained against, it could not affect the conviction upon the first count, for premeditated murder.

The complaint against the court's charge is based upon a mere excerpt taken from the charge, and lacks substance. The charge as a whole was a fair presentation of the law applicable to the case, and all the defendant's rights were safeguarded.

We find no error in the record, and the judgment is therefore affirmed. The court will put on record the entry affirming the judgment and fixing the date of execution.

*Judgment affirmed.*

Mills and Cushing, JJ., concur.